United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR RODRIGUEZ,<br><br>          Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; CORRECTIONAL OFFICER J. PUENTE; CORRECTIONAL OFFICER S. BURRIS; CORRECTIONAL OFFICER J. MCMILLAN,<br><br>          Defendants.<br>                                                              / | No. C 10-2585 WHA (PR)<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>(Docket No. 11) |

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, has filed a civil rights complaint under 42 U.S.C. 1983 against the California Department of Corrections and Rehabilitation ("CDCR"), and Correctional Officers J. Puente, S. Burris, and J. McMillan, all members of Pelican Bay State Prison's Institutional Gang Investigations Unit. The claims against the CDCR were dismissed, and the other defendants have filed a motion for summary judgment. Plaintiff has filed an opposition, and defendants have filed a reply. For the reasons set out below, defendants' motion for summary judgment is **GRANTED**.

## ANALYSIS

**A.   STANDARD OF REVIEW**

Summary judgment is proper where the pleadings, discovery and affidavits show that

there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Ibid.*

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial *Ibid*. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Ibid.*

**B.    PLAINTIFF'S CLAIMS**

In 2003, plaintiff was placed in solitary confinement in Pelican Bay's Secured Housing Unit ("SHU") for six years based on his validation as a member of the "Mexican Mafia" prison gang. Under the CDCR's regulations, an inmate who has been validated as a gang member may be reclassified as an "inactive" and released from the SHU after a six-year period without any documented gang activity. *See* 15 Cal. Code Regs. 3378. In July 2009, defendants determined that plaintiff was still affiliated with the gang, re-validated him as a gang member, and returned him to the SHU for another six-year term. The sole remaining issue is whether the evidence was sufficient to support his re-validation as a gang member.

Defendants do not dispute that plaintiff has a liberty interest in remaining in general population rather than being segregated in the SHU, a liberty interest he cannot be deprived of without being afforded the procedures required by due process. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (prisoners cannot be deprived of liberty interest without due process). One of the due process protections applicable to decisions to impose administrative segregation, the type of segregation at issue here, is that there be "some evidence" to support the decision.

*Bruce v. Ylst*, 351 F.3d 1283, 1287-88 (9th Cir. 2003) (SHU segregation case). In considering that question, the court does not "examine the entire record, independently assess witness credibility, or reweigh the evidence." *Id.* at 1287. The relevant question is whether there is *any* evidence in the record that could support the conclusion. *Ibid.* Due process requires only "some evidence" of gang activity, and that evidence requirement is satisfied if the decision is supported by even one reliable piece of evidence. *Id.* at 1288.

It is undisputed that the evidence upon which the re-validation was based was a statement in a letter written by plaintiff, and intercepted by prison officials, in June 2009. The letter states: "y de lo del ojales de aros pues todo lo que se a oido is la pura verdura" (Opp. Exs. D, E). In proper Spanish, this phrase was nonsensical, translating to "and about the buttonholes from hoop earrings well everything that has been heard is the pure vegetables" (*id.* Ex. E). Therefore, defendants determined that the letter was not written in proper Spanish, but rather in a Spanish dialect called "Caliche" that is commonly used by Spanish-speaking inmates in California prisons (*ibid.*). In Caliche, the phrase "ojales de aros" means "rice eyes" and "verdura" means "truth," such that the excerpted phrase as a whole translates to "and about the rice eyes, well everything you heard is pure truth" (*id.* Ex. B). This phrase denotes gang activity because "rice eyes" is a nickname for a Mexican Mafia gang member named Arturo "Chino" Padua (*id.* Exs. B, E).

Plaintiff contends that the evidence is "fabricated" because he never wrote the Spanish words for "rice" ("arroz") or "eyes" ("ojos"), and denies being in a gang or writing about Padua or any other gang member. Defendants do not dispute that plaintiff did not use the proper Spanish words for "rice eyes." Rather, they relied upon a Spanish translator to inform them that the letter was not written in proper Spanish, but rather in Caliche (*id.*. Ex. E). Plaintiff does not dispute that in Caliche, the phrase "ojales de aros" does mean "rice eyes," nor does he explain why, if he wrote the letter in proper Spanish, he would have written the nonsensical phrase about "buttonholes from hoop earrings."

As noted above, the "some evidence" requirement is satisfied if there is at least one item of evidence from which the conclusion – here, that plaintiff was still engaged in gang activity –

3

could rationally be derived. *See Bruce*, 351 F.3d at 1228. Defendants could rationally find that plaintiff wrote his letter in Caliche and that the letter indicated that he continued to be involved in gang activity. Thus, the letter is enough in itself to satisfy the constitutional "some evidence" requirement.

It is further noted that plaintiff's initial placement in the SHU in 2003 was based upon eight different pieces of evidence of his gang affiliation. Plaintiff does not dispute that such evidence could also meet the low threshold of "some evidence" that he was still affiliated with the gang in 2009.

As there was at least "some evidence" to support defendants' decision to re-validate plaintiff as affiliated with a gang, there was no due process violation. Therefore, defendants are entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment (docket number 11) is **GRANTED**.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: August  29 , 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.10\RODRIGUEZ2585.MSJ.wpd

4